# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TRACEY COLEMAN,**
   **Plaintiff,**

  v.               Case No. 15-CV-0420

**AVIATION INSTITUTE
OF MAINTENANCE,**
   **Defendant.**

---

## DECISION AND ORDER

  Tracey Coleman, proceeding pro se, has filed this action against defendant Aviation Institute of Maintenance, alleging that it accepted him into their program but later denied him admission. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

  Section 1915 is meant to ensure indigent litigants meaningful access to federal courts, *Nietzke v. Williams*, 490 U.S. 319, 324 (1989), and applies to both nonprisoner plaintiffs and to plaintiffs who are incarcerated, *Floyd v. United States Postal Serv.*, 105 F.3d 274, 275-77 (6th Cir. 1997) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed in forma pauperis under § 1915(a)."). Here, the heightened requirements of the Prison Litigation Reform Act do not apply because plaintiff is not incarcerated. *See West v. Macht*, 986 F.Supp. 1141 (W.D. Wis. 1997). Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give

security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1).

Plaintiff has filed the required affidavit of indigence.  While plaintiff's affidavit of indigence is incomplete and difficult to read,[1] upon review of that affidavit in its totality, the court is satisfied that plaintiff meets the poverty requirements of 28 U.S.C. § 1915.  Plaintiff's only apparent source of income is disability benefits, and a substantial portion of that goes to pay his bills.

District courts may screen complaints filed by all litigants, prisoners and non-prisoners, regardless of fee status.  *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).  The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it is legally "frivolous or malicious" or fails to state a claim upon which relief may be granted.  *Id.*; 28 U.S.C. § 1915(e)(2)(B).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325.  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In reviewing a complaint under this standard, the

---

[1] For example, plaintiff leaves many questions on the form affidavit unanswered and states that he receives on average "$78600" per month in disability compensation. I assume plaintiff means "$786.00."

2

court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give a pro se plaintiff's allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Here, plaintiff's complaint fails to state a claim upon which relief may be granted. Although plaintiff begins his complaint by stating that he was denied admission to the Aviation Institute of Maintenance "because of disability and race," this statement is not supported by any facts and is therefore conclusory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although plaintiff says he was denied admission because of disability and race, the story he tells in his complaint paints a different picture. According to plaintiff, he was admitted to the Institute, which is apparently located in Indianapolis, but the Institute required him to be there by a certain day or give up his spot. Plaintiff could not relocate to Indianpolis in time because of his financial situation, and the Institute gave his spot to someone else. These facts do not support a race or disability discrimination claim.

I also note that this is the third complaint plaintiff has filed against the Aviation Institute of Maintenance alleging wrongful denial of admission, both of which were dismissed for failure to state a claim. *See Coleman v. Aviation Institute of Maintenance*, Case No. 12-cv-946 (E.D. Wis. Oct. 30, 2012); *Coleman v. Aviation Institute of Maintenance*, Case No. 15-cv-285 (E.D. Wis. Mar. 26, 2015). Plaintiff's newest complaint does not cure any of the defects that Magistrate Judge Joseph and Judge Stadtmueller

highlighted in the previous complaints, and this repetitive filing is at odds with the underlying purpose of the *in forma pauperis* statute. *See Neitzke*, 490 U.S. at 324 ("Congress recognized . . . that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.").

Because plaintiff's complaint fails to state a claim upon which relief may be granted and because this complaint appears to be repetitive, I will deny plaintiff's motion for leave to proceed *in forma pauperis* and dismiss this case without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(i–ii).

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed in forma pauperis is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 15th day of April, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge